UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Case No. 1:00-cr-82-jgm |
| | : | |
| SEAN PROVENCHER | : | |
| | : | |

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
SEEKING REVIEW FOR PLAIN ERROR OF RESTITUTION
(Doc. 72)

Defendant Sean Provencher has filed a motion seeking review for plain error of civil restitution. (Doc. 72.) The government opposes the motion. (Doc. 80.) For the reasons stated below, Defendant's motion is denied.

In 2001, Defendant pled guilty to twelve counts of transportation of stolen motor vehicles in violation of 18 U.S.C § 2312. The plea agreement stated: "Full restitution will [] be ordered," and the paragraph containing that statement is initialed by "SDP." (Doc. 30 ¶ 2.) The government's sentencing memorandum notes restitution is mandatory. (Doc. 37 at 2.) Defendant's sentencing memorandum requested a downward departure but did not refer to restitution. See Doc. 36. Provencher signed a Pre-Sentence Report Acknowledgment stating he received a copy, which he reviewed with his counsel, and acknowledging he understood the report. (Doc. 35.) The Judgment, entered on January 28, 2002, and included restitution in the amount of $103,862.15, and concluded: "Payment of any outstanding financial penalty imposed by this judgment shall become a condition of supervised release." (Doc. 38 at 5, 7.) The Judgment was returned executed on March 21, 2002. (Doc. 40.) Defendant did not file an appeal.

The Court notes civil restitution is not an issue in this case as the restitution ordered is pursuant to a Judgment in a Criminal Case. See Doc. 38. The restitution ordered was mandatory under 18 U.S.C § 3663A. Section 3663A requires restitution for offenses against property under title 18. 18 U.S.C § 3663A(c)(1)(A)(ii). Defendant pled guilty to twelve counts of transportation of

stolen motor vehicles in violation of 18 U.S.C § 2312, an offense against property. Accordingly, restitution was mandatory.

Defendant now asserts multiple arguments regarding notice, including the presentence investigation did not disclose restitution would be owed, the Court did not disclose restitution at the plea stage, the plea agreement "did not evidence any part to pay restitution nor expressly any civil restitution," and the judge did not order "any civil restitution." (Doc. 72 at 1.) As noted above, the plea agreement expressly stated full restitution would be ordered. Defendant was on notice prior to sentencing that restitution would be ordered and did not oppose restitution in his sentencing memorandum. Accordingly, the Court rejects Defendant's arguments regarding notice.

Defendant also asserts there was "'no actual loss,'" no proceeds were gained from the offense, and he was then and is now indigent. (Doc. 72 at 1.) 18 U.S.C § 3664(j)(1) states: "If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation . . . ." 18 U.S.C § 3664(j)(1). 18 U.S.C § 3664(f)(1)(A) states: "In each order of restitution, the Court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C § 3664(f)(1)(A). Accordingly, because restitution was mandatory, restitution can be ordered payable to a third party, and restitution is required without consideration of Defendant's financial status, Defendant's remaining arguments are without merit.

Defendant's motion seeking review for plain error of civil restitution (Doc. 72) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of November, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge